UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS ANDINO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-14283 |
| | ) | |
| v. | ) | Judge Jeremy C. Daniel |
| | ) | Magistrate Judge Keri L. Holleb Hotaling |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' motion for entry of protective order [Dkt. 123] is granted to the extent set forth below. Plaintiff's objections to Defendants' proposed order [Dkt. 127] are sustained in part and overruled in part. Within seven days of the date of this order, Defendants shall submit to the Court's proposed order email address, Proposed_Order_HollebHotaling@ilnd.uscourts.gov, a revised protective order consistent with this order for review and entry.

## STATEMENT

Plaintiff alleges he spent twenty-eight years incarcerated for a murder he did not commit and that his arrest, indictment, prosecution, and conviction were entirely due to false identification evidence the Defendant Chicago police officers manufactured against him. He alleges that in his and many other criminal investigations, the officers acted pursuant to policies and practices of the Chicago Police Department under which they, among other acts, falsified evidence and reports, induced false identifications, suppressed or destroyed exculpatory and impeachment materials, and maintained a code of silence about wrongful acts of officers. He alleges the officers were not properly supervised or disciplined and, in fact, that such practices were encouraged.

Against this backdrop, Defendants have moved for a protective order with some modifications from the Northern District of Illinois Form LR 26.2 Model Confidentiality Order ("the Model Order"); Plaintiff objects to many of the modifications. Federal Rule of Civil Procedure 26(c) permits the Court, "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," by limiting or forbidding discovery. The party seeking the protective order bears the burden of showing it is supported by good cause, and in evaluating the request, the Court must balance potential harm to the party requesting the protective order "against the importance of public disclosure." *Gomez v. City of Chi.*, No. 16-cv-7743, 2017 WL 5517254, at *1 (N.D. Ill. Nov. 17, 2017). The parties identify many cases in which similar disputes have been litigated (Dkt. 123 at 2-3; Dkt. 127 at 4-5 (citing *Flores v. Guevara*, 23-cv-1736 (N.D. Ill.); *Mims v. City of Chi.*, 18-cv-7192 (N.D. Ill.))), so the Court need not recreate the wheel.

The Court addresses the challenged proposed modifications to the Model Order in sequence. Paragraph 2 defines confidential information, and Paragraph 2(a) reads "information

prohibited from disclosure by statute." Defendants would replace the word "prohibited" with "protected" and add a new ending clause "including the Illinois Freedom of Information Act (FOIA), 5 ILCS/1, et seq." (Dkt. 123-1 at 1.) Plaintiff protests the proposed modification is too broad because whether "some public agency might deem those materials protected under FOIA is irrelevant." (Dkt. 127 at 5.) Upon review of the parties' arguments, the Court finds good cause to accept Defendants' alterations; the Court is "sensitive to the need to protect such information at this stage of the litigation and prefer[s] to err on the side of caution," although Plaintiff remains "free to raise this issue should [Defendants] over-designate materials. *Davila v. Guevara*, No. 23-cv-1739 (N.D. Ill.), at Dkt. 88 at 3, Dkt. 92 at 1.

Next, Defendants add a new Paragraph 2(h) to include as confidential information "employment, disciplinary, or other information that is of a sensitive or non-public nature regarding plaintiffs, defendants, non-party witnesses, and non-party employees of the City of Chicago[,]" which "includes but is not limited to private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave and the like, as well as personal and family information of police officers and state's attorneys, including residential information." (Dkt. 123-1 at 2.) Plaintiff objects that the phrase "a sensitive or non-public nature" is vague and ambiguous and leaves too much to Defendants' discretion. (Dkt. 127 at 10-11.) The Court finds good cause to include this paragraph to protect sensitive employment and disciplinary information about all parties and witnesses to protect against potential reputational harm and any unintended impact upon privacy concerns but edits the phrase "sensitive or non-public nature" to read "sensitive and non-public nature." *See Martinez v. Guevara*, 23-cv-1741 (N.D. Ill.) Dkt. No. 154 at 5-6; Dkt. No. 155.

At the end of the same subparagraph, Defendants delete "Information or documents that are available to the public may not be designated as Confidential Information" (Dkt. 123-1 at 2), and Plaintiff deems the removal of this language improper. (Dkt. 127.) Defendant explains that the deletion is for consistency with its other proposed changes. (Dkt. 123 at 7-8.) Given the foregoing additions related to FOIA and the rationales for those changes, the Court grants Defendants' request for this modification. *See Davila*, 23-cv-1739, Dkt. 92 at 2; *Prince*, 18-cv-2952, Dkt. 124 at 2.

Defendants further propose a new Sub-Paragraph 2(i) covering:

> any information contained within the following file materials that are otherwise prohibited from public disclosure by statute: Any disciplinary actions, files and attachments to such files generated by the investigation of deaths in custody, uses of deadly force, and complaints of misconduct by Chicago police officers (generally referred to as 'Log Number' files, 'Complaint Register' (CR) files, 'Universal' (U) files, or 'Extraordinary Occurrence' files, or 'Non-Disciplinary Intervention' (NDI) files) (collectively hereinafter referred to as 'Log Files'), or by internal Chicago Police Department 'Summary Punishment Action Requests' (SPARs). The parties reserve the right to seek greater protection of information or documents designated as Confidential Information through Court intervention or by agreement of the parties.

2

(Dkt. 123-1 at 2.) Plaintiff vigorously opposes this addition as it relates to "Complaint Register files" ("CR files"). (Dkt. 127 at 6-10.)

This Sub-Paragraph 2(i) dispute centers on how the confidentiality order should treat the Chicago Police Department's CR files, which are "created whenever a person complains about a Chicago police officer[,]", "may contain the City's investigation of and response to the complaint, and may also reflect any discipline or other corrective action taken against an officer." *Prince*, 2019 WL 3554533, at *1. In *Kalven v. City of Chicago*, the Illinois Appellate Court held that CR files are not exempt from disclosure under Illinois's Freedom of Information Act (IFOIA) and thus are generally available to the public at large. 7 N.E.3d 741, 747-48 (Ill. App. Ct. 2014), *overruled in part on unrelated grounds*, 106 N.E.3d 1016 (Ill. 2018). Based in large part upon that ruling, Plaintiff argues that the CR files should be produced—dismissively conceding only that it "may take a little extra work" for the defense to "designate whatever portions of the CR file[s] that are truly confidential as confidential." (Dkt. 127 at 9.) Defense counsel, though, indicates Plaintiff has requested "[a]ll CR files for the entire Chicago Police Department from 1984 through 2004[,]" some approximately 150,000 files that range in length from dozens to thousands of pages. (Dkt. 131 at 8.) They assert that performing similar designations or redactions on just forty-four CR files totaling about 5,636 pages consumed approximately 100 hours of paralegal time. (Dkt. 131 at 8.)

The parties identify numerous cases on either side of the divide on this issue (Dkt. 123 at 8; Dkt. 127 at 8-9), but, as observed in *Williams v. City of Chi.*, No. 22-cv-1084, 2022 WL 10105656, at *10-12 (N.D. Ill. Oct. 17, 2022), there were disparate approaches by the parties and courts in many previous cases. Ultimately, the Court is concerned about the interests of non-parties, as well as the volume of materials potentially at issue here, given the breadth and scope of Plaintiffs' requests and the time spent on a much smaller request. The Court thus agrees with the reasoning set forth in *Gonzalez v. Guevara*, 22-cv-6496 (N.D. Ill.) at Docket No. 140 at 4-6, *Davila*, No. 23-cv-1739, at Dkt. 85, and *Gomez*, 2017 WL 5517254 at *3, regarding the relative weights of the various alternatives on Defendants, non-parties referenced in CR files, Plaintiff, and the public interest. The Court finds Defendants have shown good cause for the proposed change. *See Gonzalez*, 22-cv-6496 ("credit[ing]" defense counsel's assertion that substantial time would be required for the "likely hundreds of thousands of pages" at issue because, in *Sierra v. Guevara*, No. 18-cv3029, City attorneys reportedly spent "200 hours" for five years' of CR files for "Area 5 detectives only"); *Abrego v. Guevara*, No. 23-cv-1740 (N.D. Ill.), at Dkt. 115. It is worth noting as well that Plaintiff describes, and the Court discerns, no countervailing harm from entering the language Defendants seek, which only affects the conduct of pretrial discovery in this case. *See Gonzalez*, 22-cv-6496, Dkt. 140 at 5 ("All that the confidential restriction will prevent plaintiff from doing is disseminating the CR reports to the public at large, which is not a core discovery purpose in any event.") (citation omitted); *see also Citizens First Nat'l Bank of Princeton, v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999) (noting that typically "pretrial discovery . . . is [] conducted in private").

The Model Order's Paragraph 3(a) reads "'[t]he marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER' shall be applied prior to or at the time of [sic] the documents are produced or disclosed." Defendants propose to replace "at the time of" with "as soon as practicable after." (Dkt. 123-1 at 3.) Plaintiff disputes this change as unsupported and overly broad. (Dkt. 127 at 11-12.) Having reviewed the parties' arguments, the Court agrees with the directive in *Davila*, No. 23-cv-1739 (Dkt. 88 at 6), that the Model Order language is appropriate here; this encourages diligence throughout the discovery process. Any documents inadvertently produced without a

3

confidential designation must be clawed back. Accordingly, Defendants' requested change is denied.

Paragraph 4 of the Model Order provides "[d]eposition testimony is protected by this Order only if designated as 'CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER' on the record at the time the testimony is taken. . . . Deposition testimony so designated shall be treated as Confidential Information protected by this order until fourteen days after delivery of the transcript by the court reporter to any party or the witness." In challenged part, Defendants seek to delete the last clause that places a time limit on in-deposition designations and modify the remainder of the paragraph to permit additional confidential designations after the deposition. (Dkt. 123-1 at 3-4.) Plaintiff challenges the changes as "remov[ing] every burden and the responsibility of the party asserting the confidentiality of an exhibit or deposition." (Dkt. 127 at 12.) Because the model protective order already provides a reasonable time for parties to make and confirm their designations, and Defendants have not provided good cause for their proposed changes, the Court declines to make them. *See Davila*. No. 23-cv-1739, Dkt. 88 at 7-10 (also identifying how parties should treat documents identified during a deposition as having been inadvertently produced without designation).

Defendants seek to insert a new subsection (9) to Paragraph 5(b), which addresses categories of persons who may be allowed to review Confidential Information. The proposed addition would permit review by "[i]ndividuals interviewed in the course of litigation . . . only after such persons have completed" the "Acknowledgement and Agreement to be Bound" that is part of the Model Order (and proposed order). (Dkt. 123-1 at 5.) In *Davila*, the parties agreed to add that language. *See Davila*, No. 23-cv-1739, Dkt. 88 at 13-15. Over Plaintiff's objection here, the Court finds good cause to add this provision given the types of materials at issue, including those addressed above to protect privacy and reputational concerns, and disagrees with Plaintiff's argument that it would impose "too high a burden" on Plaintiff due to the reticence of witnesses to "sign anything voluntarily." (Dkt. 127 at 12-13.)

Defendants next propose a new Paragraph 6 that would permit redaction of social security numbers, dates of birth, and information covered by the Juvenile Court Act, and "for security reasons, all references to a current or former individual police officer's confidential information about him/herself and his/her family, including but not limited to social security numbers, home address, home and cellular telephone number(s), personal email address(es), the names of family members and the name of insurance beneficiaries." (Dkt. 123-1 at 5-6.) Plaintiff objects that "the Juvenile Court Act" is inapplicable because Plaintiff was not a juvenile at any pertinent time and the Act also does not provide for redaction in federal litigation. (Dkt. 127 at 13-16.) The Court believes Defendants have shown good cause to justify erring on the side of caution in protecting this information for privacy concerns; the Court deems "it appropriate to protect sensitive information" that in many instances has no relevance to the litigation, although, again, Plaintiff may raise the issue if redactions render some documents unintelligible or unusable in this litigation. *Davila*, No. 23-cv-1739, in Docket No. 88 at 15; *Prince*, 2019 WL 355453, at *5.

Defendants finally seek alterations to Paragraph 11 of the Model Order (Paragraph 12 of Defendants' proposal). The relevant portion of Paragraph 11 of the Model Order is entitled "Use of Confidential Documents or Information at Trial" and reads: "Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing." (Dkt. 123-1 at 7.) Defendants propose, in substantive part, to remove the words "Documents or" from

the title and swap "admissibility" for "use" so that the quoted sentence would read "Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing." The Court declines to make these changes; as Plaintiff notes, the changes alter the meaning of the paragraph. *See also Davila*, No. 23-cv-1739, at Dkt. 88 at 19. The changes are also internally inconsistent, given that the word "use" appears in the title even after Defendants' modifications.

Accordingly, Defendants' motion is granted to the extent set forth above. Within seven days of the date of this order, Defendants shall submit to the Court's proposed order email address a proposed order consistent with the foregoing. The Court notes that, although the Court has in large part adopted the modifications requested by Defendants, this does not leave Plaintiff without recourse should any abuse of this order or the discovery process result. The Court expects the parties to be cooperative and act in good faith. The parties must comply with the Federal Rules of Civil Procedure and this Court's orders and standing orders regarding discovery and discovery motions—in particular, the parties must meet and confer regarding disputes before involving the Court, and any discovery motion must detail the parties' attempts to resolve the dispute. The Court anticipates disputes will be few and generally will be resolved without resort to Court intervention.

Date:  November 8, 2024

_____
Hon. Keri L. Holleb Hotaling
United States Magistrate Judge